Harry Weinberg, Esq.
Law Offices of Harry Weinberg
Attorney for Defendants
11 Beach Street – 8th Floor
New York, N.Y.  10013
(212) 989-2908
HW - 0574

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ABDUL KARIM WALI,

       Plaintiff,

v.                                                                                                          07 CV 7550 (JGK)

ONESOURCE COMPANY, MS. GI CORDERZO
and MR. TERRY VIDAL,

       Defendants.
-------------------------------------------------------------------x

       Defendants ONE SOURCE COMPANY (incorrectly captioned and actually formerly known as "OneSource, Inc." hereinafter referred to as "OneSource"), GI CORDERZO and TERRY VIDAL, their attorneys, LAW OFFICES OF HARRY WEINBERG, as and for their Answer to the Amended Complaint herein, allege as follows:

       1.    As to the first unnumbered paragraph of the Amended Complaint defendants admit that plaintiff purports to bring this action pursuant to the statutes cited therein and denies the remaining allegations of this paragraph.

       2.    As to the second unnumbered paragraph of the Amended Complaint defendants admit that this Court has jurisdiction of the matter pursuant to the statutes cited therein.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint.

4. Admit that defendant OneSource's offices were at one time located at 429 West 53rd Street, New York, N.Y., as alleged in paragraph 2 of the Amended Complaint and deny the remaining allegations contained in paragraph 2.

5. Admit that defendant OneSource's offices were at one time located at 429 West 53rd Street, New York, N.Y., as alleged in paragraph 3 of the Amended Complaint and deny the remaining allegations contained in paragraph 3 of the Amended Complaint.

6. Admit that plaintiff alleges discrimination as set forth in paragraph 4 of the Amended Complaint but denies that any such discrimination occurred and denies the remaining allegations of paragraph 4 of the Amended Complaint.

7. Admit that plaintiff's best recollection is as alleged in paragraph 5 of the Amended Complaint but denies that any such discrimination occurred and denies the remaining allegations of paragraph 5 of the Amended Complaint.

8. Denies the allegations contained in paragraph 6 of the Amended Complaint.

9. Denies the allegations contained in paragraph 7 and specifically states that defendants did not discriminate against plaintiff on any unlawful basis. Defendants further state that plaintiff failed to file administrative charges alleging discrimination on any basis other than race/color.

10. Admits that plaintiff was terminated in or about November, 2004, because his temporary vacation replacement assignment ended, and denies the remaining allegations contained in paragraph 8 of the Amended Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint.

13. To the extent that the allegations contained in the attachments to the Amended Complaint may be construed as alleging unlawful discrimination, defendants deny that any such discrimination occurred.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

14. All actions taken by defendant OneSource with respect to its employment and termination of plaintiff were taken for legitimate, non-discriminatory reasons.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

15. Plaintiff's employment was subject to the terms and conditions of employment set forth in a collective bargaining agreement between his employer and Local 32BJ, SEIU, which agreement contained provisions for arbitration of claims of discrimination in violation of each of the statutes relied upon by plaintiff in this action.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

16. Plaintiff's claims are barred in whole or in part under the doctrine of collateral estoppel.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

17. Plaintiff's claims are barred in whole or in part under the doctrine of *res judicata*.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches, unclean hands and equitable estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

19. Plaintiff was never employed by "ONE SOURCE COMPANY" but was employed for a period of time by an entity known as "OneSource, Inc."

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff has failed to name a necessary party.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

21. The Second Amended Complaint and each cause of action purported to be set forth therein fail to state a claim against defendants upon which relief can be granted.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

22. There is no individual liability under the statutes relied upon by plaintiff and his claims against the individual defendants named in the Amended Complaint should therefore be dismissed.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

23. Plaintiff's claims are barred by the doctrine of managerial immunity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

24. Defendants allege that at all times they have acted reasonably and in good faith based on all relevant facts and circumstances known by them at the time they acted. Defendants further allege that their conduct was justified and privileged under the circumstances.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

25.     Plaintiff has not sustained any damages as a result of defendants' actions.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

26.     Plaintiff has failed to exercise reasonable diligence to mitigate his damages, if any, and to the extent of such failure to mitigate, any damages awarded to plaintiff should be reduced.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

27.     The injuries and damages if any, alleged to have been sustained by plaintiff were caused in whole or in part by the culpable conduct, including consent and/or contributory negligence, of plaintiff and the resulting damages, if any, should be barred or diminished in the proportion that such conduct bears to the culpable conduct that caused such injuries and damages.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

28.     Any past or future expenses incurred or to be incurred by plaintiff for medical care or loss of earnings were or shall be replaced or indemnified in whole or in part by collateral sources, and any recovery by plaintiff should be diminished by the amount of funds which plaintiff has or shall receive from such collateral sources.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

29.     Plaintiff's claims are barred in whole or in part by the applicable provisions of New York's Workers' Compensation Law.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

30.     Plaintiff is not entitled to a jury trial.

**AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE**

31. Plaintiff has failed to comply with the administrative pre-requisites entitling him to bring the instant claims.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

32. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

33. Plaintiff was never an employee of One Source Company, Gi Corderzo or Terry Vidal and therefore can maintain no claims against those entities or persons.

**AS AND FOR A TWENTYFIRST AFFIRMATIVE DEFENSE**

34. Plaintiff failed to bring the instant action within the applicable time limits from the date of the New York State Division of Human Rights' finding of No Probable Cause or the EEOC's Notice of Right to Sue Letter.

WHEREFORE, defendants respectfully pray that the within Amended Complaint be dismissed in its entirety, with costs, disbursements and attorney's fees to abide the event.

Dated: New York, N.Y.
December 10, 2007

> Yours, etc.,
>
> LAW OFFICES OF HARRY WEINBERG
> By: Harry Weinberg, Esq.
>
> _____
> HARRY WEINBERG (HW 0574)
> Attorney for Defendants

                11 Beach Street
                New York, N.Y.  10013
                (212) 989-2908


TO: Abdul Karim Wali
   620 Trinity Avenue #10-A
   Bronx, N.Y.  10455-3008